**ELAINE'S CLEANING SERVICE, INC.; Elaine V. Deaton; James W. Deaton, Plaintiffs–Appellees,**

v.

**UNITED STATES DEPARTMENT OF LABOR; Charles A. Bowsher, Comptroller General of the United States, Defendants–Appellants.**

No. 95–4273.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1996.

Decided Feb. 13, 1997.

Thomas A. Knoth (argued and briefed), Richard Anthony Ciambrone, Thompson, Hine & Flory, Dayton, OH, for Plaintiffs-Appellees.

William Kanter, Robert D. Kamenshine (argued and briefed), U.S. Department of Justice, Civil Division, Appellate Staff, Washington, DC, for Defendants-Appellants.

Before: MARTIN, Chief Judge and KEITH and BATCHELDER, Circuit Judges.

BOYCE F. MARTIN, JR., Chief Judge.

The United States Department of Labor appeals the district court's reversal of its decision to bar Elaine's Cleaning Service from bidding on future government contracts for a period of three years.

In March of 1986, Elaine's Cleaning Service entered into a contract with the federal government to provide custodial services at Area B of the Wright Patterson Air Force Base in Dayton, Ohio. Under the McNamara–O'Hara Service Contract Act of 1965, 41 U.S.C. § 351 *et seq.*, those who contract for the provision of services to the United States must pay their employees minimum wages and fringe benefits, as designated by the Secretary of Labor. 41 U.S.C. § 351(a)(1)-(2). On three occasions during the performance of the contract, Elaine's failed to pay benefits to its employees as required by the contract. In two out of the three instances, Elaine's failed to pay fringe

benefits. The other transgression occurred when Elaine's did not disburse holiday pay to its employees who did not report to work the day before or the day after a particular holiday. Although upon notification Elaine's promptly rectified its errors, the Department of Labor charged Elaine's with violating the Service Contract Act and the regulations promulgated under that statute.

Under the Service Contract Act, a contractor who violates the provisions of the Act faces a three-year ban on accepting further government contracts. The only exception to the three-year ban arises if "unusual circumstances" surround the violation. Because Elaine's admitted its violations, the only issue before the ALJ was whether Elaine's qualified for the "unusual circumstances" exception.

Finding culpable conduct and no facts that suggested unusual circumstances, the ALJ refused to extend the unusual circumstances exception to the facts of this case. The Board of Service Contract Appeals affirmed the ALJ's opinion. Elaine's appealed the decision of the Board to the district court. The district court granted summary judgment to Elaine's because it found that the Board's decision to debar Elaine's was not supported by a preponderance of the evidence. The district court perused the facts of this case and found that the government's argument against extending the exception to Elaine's was both arbitrary and capricious. The Department of Labor now argues that its characterization of the case was neither arbitrary nor capricious and that the district court improperly substituted its judgment for the reasonable interpretation of the Secretary of Labor.

■ We review the district court's grant of summary judgment *de novo*. *Terry Barr Sales Agency, Inc. v. All–Lock Co., Inc.*, 96 F.3d 174 (6th Cir.1996). Here, we are mindful of the same constraints which bound the district court's review of the Department of Labor's decision. The findings of fact underlying the Department's determination shall be conclusive if supported by a preponderance of the evidence, and we must sustain that determination in all other respects unless it is arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with the law. *ASG Industries, Inc. v. U.S.*, 548 F.2d 147, 151 (6th Cir.1977).

■ Section 5(a) of the Service Contract Act provides that a service contractor who violates the Act shall be debarred except in "unusual circumstances." Although the Act does not define what constitutes unusual circumstances, the regulations at 29 C.F.R. § 4.188(b) allude to criteria that may indicate when unusual circumstances exist. Compliance history, cooperation, repayment status and chances of future compliance are all factors in this subjective, fact-based determination. Certainly neither willful nor culpable conduct may fall within the unusual circumstances exception.

■ Elaine's claims that its first fringe benefit infraction was the result of an oversight. The critical provision was detailed in a footnote, and Elaine's explained that it was not on the lookout for such a mandate. The Board rejected Elaine's plea of innocent negligence, declared Elaine's conduct culpable, and affirmed the three-year disbarment.

Elaine's second fringe benefit violation resulted from a lack of funds. Elaine's knew that it was obligated to pay its employees an increase in fringe benefits financed by the Air Force, but the unexpected increase caught Elaine's short of assets. As a result, Elaine's disbursement of the increase depended completely upon the arrival of the Air Force payments. The Air Force was late in sending the payments to Elaine's so Elaine's was late in supplying the benefits to its employees. The Board did not accept Elaine's explanation.

Elaine's final violation of the Service Contract Act arose from Elaine's reliance on the advice of its bookkeeper regarding holiday pay. Because Elaine's thought that it need not disburse holiday pay to those of its employees who did not work the day before or the day after a holiday, Elaine's mistakenly withheld a total of $600 earned by sixteen of its employees. Although the Board acknowledged that the violation was minor, it still found that Elaine's reliance on its bookkeeper's advice was culpably negligent.

■ This Court must give the Department of Labor's interpretation of its own regulation "controlling weight unless plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, ——, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994) (internal quotes omitted). Here, the Department's interpretation was entirely unreasonable.

The ALJ refused to extend the unusual circumstances exception to the facts of this case because he found that Elaine's violations were the result of culpable conduct. Although the most uniform interpretation of culpability includes an element of reckless disregard or wilful blindness, because the ALJ did not allege facts from the record to justify its decision, his most vital determination—what constitutes culpability—is unintelligible.

The debarment order before us is neither supported by the rationale asserted by the Board nor the preponderance of the evidence. The Board arbitrarily misapplied its own standards, and the district court thus correctly reversed the order of the Board.

For the reasons stated above we AFFIRM the order of the district court.